[Cite as *State v. Suber*, 2022-Ohio-938.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                     No. 110927

    v.                            :

JEVON SUBER,                            :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** March 24, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-659649-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron Baker, Assistant Public Defender, *for appellee.*

ANITA LASTER MAYS, P.J.:

**{¶ 1}** Plaintiff-appellant state of Ohio appeals the trial court's imposition of postrelease control ("PRC") following an agreed guilty plea, convictions and sentencing of defendant-appellant Jevon Suber ("Suber") for: (1) Count 1 —

burglary, R.C. 2911.12(A)(2), a felony three, (2) Count 3 — domestic violence, R.C. 2919.25(A), a felony four, and (3) Count 5 — attempted endangering children, R.C. 2923.02 and 2919.22(A), a felony four.

**{¶ 2}** The state poses the following error:

> Appellee's sentence is contrary to law because R.C. 2967.29(B) does not confer authority to common pleas courts to impose "a period of three years" of post-release control as opposed to a period of "up to three years, but not less than eighteen months" for a felony of the second degree that is not a felony sex offense.

**{¶ 3}** On October 6, 2021, the trial court advised Suber at sentencing "[s]ir, you will be subject to postrelease control for a period of three years after your release." (Tr. 35.) The state objected:

State: Judge, with respect to the post release control, I know we had this conversation before; however, the State believes it's the discretion of the adult parole authority to impose post release control for a period of not less than 18 months and to a maximum of 3 years for a felony of the second degree that is not a felony sex offense.

Court: Since the law changed, I was advised that I was to impose a particular term of post release control and specify it.

(Tr. 37.) There is no reference to PRC in the journal entry.[1]

**{¶ 4}** The state argues that the PRC portion of the sentence is contrary to law under R.C. 2953.08(B)(2). The statute provides that a "prosecuting attorney

---

[1] In the event the trial court had correctly imposed PRC but failed to properly record it in the journal entry, the case would be remanded to the trial court for a nunc pro tunc entry. "A nunc pro tunc order records acts done at a former time that were not then carried into the record * * * but not to reflect something that did not occur." *State v. Kelly*, 8th Dist. Cuyahoga No. 102413, 2015-Ohio-5272, ¶ 46, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30.

* * * may appeal as a matter of right a sentence imposed upon a defendant who * * * pleads guilty to a felony" where "the sentence is contrary to law." *Id.*

{¶ 5} R.C. 2967.28(B) was amended effective September 30, 2021. It now provides in pertinent part:

> (B) Each sentence to a prison term, other than a term of life imprisonment, * * * for a felony of the second degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * *
>
> (3) For a felony of the second degree that is not a felony sex offense, up to three years, but not less than eighteen months.

R.C. 2967.28(B)(3).

{¶ 6} Suber filed a notice of conceded error pursuant to Loc.R. 16(B) and concedes that the trial court's imposition of PRC is contrary to law as set forth under R.C. 2967.28(B)(3). Suber also agrees with the state that the proper remedy is to "vacate the trial court's order imposing post-release control and modify the sentence to include the statutorily mandated period of post-release control." Appellant's brief, p. 10-11.

{¶ 7} The state's assignment of error is sustained.

{¶ 8} Further, based on this court's review of the journal entries for Suber's guilty plea and sentencing, this court *sua sponte* makes the following orders. First, the trial court shall issue a nunc pro tunc entry to correct the August 19, 2021 journal entry to properly indicate that the firearm specification in Count 5 was deleted as reflected in the record. Secondly, the resentencing entry shall properly reflect that the guilty plea does not include a firearm specification.

**{¶ 9}** Judgment imposing postrelease control is vacated. This case is remanded to the trial court for resentencing of postrelease control and to correct the sentence as it pertains to Count 5 only to properly reflect the record.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY J. BOYLE, J., CONCUR